UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JIBREEL PRATT

    Defendant.

Case No. 24-cr-20274
Hon. Denise Page Hood

---

**Stipulation and Proposed Order to Continue the Motion Cut-off Plea Cut-off/Final Pretrial Conference and Trial and Find Excludable Delay**

---

The parties stipulate to continue the motion cut-off date to a date from December 16, 2024 to February 17, 2025, the plea cut-off/final pretrial conference date to May 6, 2025, at 3:00 PM, and the trial date (currently set for March 25, 2025 at 9:30 AM) to May 27, 2025 at 9:30 AM. The parties further stipulate, and jointly move for the Court to find, that the time period between March 25, 2025 and May 27, 2025 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant

in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The parties negotiated and the Court subsequently entered a Stipulated Protective Order on June 5, 2024. Thereafter, the government produce voluminous discovery to the defendant. Counsel needs additional time to review the discovery and, thereafter, to determine how the defendant wants to proceed in this case.
- Additionally, once defense counsel has fully reviewed all of the discovery, the parties will need additional time to engage in plea negotiations, determine if motions need to be filed, and, if those negotiations fail, to prepare for trial.
- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the

2

trial before the expiration of the Speedy Trial Act's 70-day clock, see 18 U.S.C. § 3161(h)(7)(B)(ii).

The parties therefore request that the Court grant a continuance of the motion cut-off date, the plea cut-off date, the final pretrial conferenced date and the trial date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

**IT IS SO STIPULATED**.

| *s/Jerome Gorgon* | *s/Todd Shanker (with consent)* |
|---|---|
| Jerome Gorgon | Todd Shanker |
| Assistant United States Attorney | Federal Community Defender |
| 211 W. Fort Street, Suite 2001 | 613 Abbott, 5th Floor |
| Detroit, MI 48226 | Detroit, MI 48226 |

*s/Douglas Salzenstein*
Douglas Salzenstein
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226

Date: December 12, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JIBREEL PRATT

    Defendant.

Case No. 24-cr-20274
Hon. Denise Page Hood

## Order Continuing the Motion and Plea Cut-off, the Final Pretrial Conference and Trial and Finding Excludable Delay

The Court has considered the parties' stipulation and joint motion to continue the trial date, the final pretrial conference/plea cut-off date, and the motion cut-off date, and for a finding that the time period from March 25, 2025 and May 27, 2025 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that the time from

March 25, 2025 and May 27, 2025 qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The parties negotiated and the Court subsequently entered a Stipulated Protective Order on June 5, 2024. Thereafter, the government produce voluminous discovery to the defendant. Counsel needs additional time to review the discovery and, thereafter, to determine how the defendant wants to proceed in this case.
- Additionally, once defense counsel has fully reviewed all of the discovery, the parties will need additional time to engage in plea negotiations, determine if motions need to be filed, and, if those negotiations fail, to prepare for trial.
- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the

2

trial before the expiration of the Speedy Trial Act's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii)).

IT IS THEREFORE ORDERED that the time from March 25, 2025 and May 27, 2025 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

IT IS FURTHER ORDERED that the trial in this case will be adjourned from March 25, 2025 and May 27, 2025 at 9:30AM, that the final pretrial conference/plea cut-off date is set for May 6, 2025 at 3:00 PM, and the motion cut-off date is adjourned from December 16, 2024 to February 17, 2025.

S/DENISE PAGE HOOD
Denise Page Hood
United States District Judge

Entered:  December 26, 2024

3